## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

**FILED - MQ**

February 10, 2014 11:23 AM

TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __slk__ Scanned by

2-10-14

**GWEYN WEDLAW** and **LURLEAN MARTIN,**
as Co-Personal Representatives of the Estate of
**RANDOLPH CONNOR,** Deceased,

Case No.

Plaintiffs,

**2:14-cv-40**

v.

R. Allan Edgar, U.S. District Judge
Timothy P. Greeley
US Magistrate Judge

**LINDA TRIBLEY,** Individually and as an agent of
the State of Michigan;
**SCOTT MICHELLI,** Individually and as an agent of
The State of Michigan;
**D. POMBIER,** Individually and as an agent of
The State of Michigan;
**M. ROZINE,** Individually and as an agent of
The State of Michigan;
**WILLIAM OSTERMAN,** Individually and as an agent of
The State of Michigan; and
**DUANE DUNBAR,** Individually and as an agent of
The State of Michigan;

Defendants.

| | |
|---|---|
| Day-Winters, PLLC | Brianna T. Scott & Associates, PLLC |
| Doris Marie Day-Winters (P56828) | Brianna T. Scott (P62170) |
| **Co-Counsel for Plaintiffs** | **Co-Counsel for Plaintiffs** |
| 306 E. Broadway Street, Suite 4 | 75 West Apple Avenue |
| Mt. Pleasant, Michigan 48858 | Muskegon, Michigan 49440 |
| (989) 779-9991 phone | (231) 727-5888 phone |
| (989) 779-9994 fax | (231) 727-5820 fax |
| daywinters@gmail.com | brianna@briannascott.com |

## COMPLAINT AND JURY DEMAND

**NOW COMES** the Plaintiffs, **GWEYN WEDLAW** and **LURLEAN MARTIN**, as Co-

Personal Representatives of the Estate of **RANDOLPH CONNOR**, Deceased, by and through

their attorneys, **Doris Marie Day-Winters** of DAY-WINTERS, PLLC, and **Brianna T. Scott** of

BRIANNA T. SCOTT & ASSOCIATES, PLLC, and for their Complaint state as follows:

1.   Plaintiffs, **GWEYN WEDLAW** and **LURLEAN MARTIN**, are the Co-Personal Representatives of the Estate of **RANDOLPH CONNOR**, Deceased, who at all times relevant was a citizen of the United States and a resident of the Ojibway Correctional Facility, located in the County of Gogebic, and State of Michigan.

2.   Defendant, **LINDA TRIBLEY**, was at all pertinent times the Warden of the Ojibway Correctional Facility, acting under color of state law, and was responsible for the operation of the Ojibway Correctional Facility, both individually and officially.

3.   Defendant, **SCOTT MICHELLI**, was at all pertinent times the Supervisor of the Ojibway Correctional Facility, acting under color of state law, and was responsible for the supervision of the correctional staff.

4.   Defendants, **D. POMBIER** and **M. ROZINE**, were at all pertinent times Correctional Officers and the Shift Commanders at the Ojibway Correctional Facility, acting under color of state law, and were responsible for the security of the Fox Unit of the Ojibway Correctional Facility.

5.   Defendants, **DUANE DUNBAR** and **WILLIAM OSTERMAN**, were at all pertinent times Correctional Officers at the Ojibway Correctional Facility, acting under color of state law, and were responsible for the security of the Fox Unit of the Ojibway Correctional Facility.

6.   The above-stated Defendants were employees, agents and/or representatives of the Ojibway Correctional Facility and/or the Department of Corrections and/or the State of Michigan, and in the course and scope of their employment, agency or representation of the said departments and/or entities, performed duties and responsibilities as correctional facility persons acting pursuant to and under color of state law.

7.   Venue is appropriate in the Western District of Michigan, where this action occurred.

8. Jurisdiction is based on the Civil Rights Act of 1871, 17 stat. 13, 42 U.S.C. § 1983 in the 8th and 14th Amendments to the United States Constitution, unless the cause of action indicates that it arises under the laws of the State of Michigan, in which case the Court has supplemental or pendent jurisdiction.

9. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00), exclusive of interests, costs and fees.

## COMMON ALLEGATIONS

10. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 9 above, as though fully set forth herein.

11. At all relevant times the Decedent, **RANDOLPH CONNOR**, was incarcerated at the Ojibway Correctional Facility.

12. All Defendants herein are charged with the duty of ensuring the safety and security of the Ojibway Correctional Facility.

13. As part of the Defendants duty to ensure the safety and security of the Ojibway Correctional Facility, the Defendants are charged with the duty of preserving the safety of all prisoners incarcerated within the Ojibway Correctional Facility.

14. Preserving the safety of all the prisoners at the Ojibway Correctional Facility requires the Defendants herein to ensure that all locations of the Ojibway Correctional Facility are properly secured and monitored.

15. As part of the Defendants duty to ensure the safety and security of the Ojibway Correctional Facility and preserve the safety of all the prisoners, the Defendants herein are charged with the duty to eliminate and prevent any and all illegal conduct within the facility.

16. All Defendants herein, at all times relevant, had actual and/or constructive knowledge that illegal gambling was prominent within the Ojibway Correctional Facility.

17. All Defendants herein failed to take proper measures to prohibit illegal gambling within the Ojibway Correctional Facility.

18. As part of the Defendants duty to ensure the safety and security of the Ojibway Correctional Facility and preserve the safety of all the prisoners, all Defendants herein are also charged with the duty of segregating dangerous inmates from the general public.

19. On January 11, 2013, a scheduled "store day" was occurring at the Ojibway Correctional Facility which allows inmates to purchase items with money they have or is in their individual inmate account.

20. All Defendants herein, at all times relevant, had actual and/or constructive notice that inmates are more aggressive and easily agitated on a "store day" with other inmates that allegedly owe them money.

21. On January 11, 2013, the deceased, **RANDOLPH CONNOR**, was the victim of an unprovoked attack by two inmates in the Card Room of Fox Unit within the Ojibway Correctional Facility.

22. All Defendants herein, knowing that illegal gambling was occurring at the Ojibway Correctional Facility and that inmates are aggressive and easily agitated on a "store day" with other inmates failed to properly secure the Card Room of Fox Unit within the Ojibway Correctional Facility.

23. Based on a video recording of the attack, deceased **RANDOLPH CONNOR**, was punched, kicked and had his head and neck stomped on by two (2) inmates without any of the Defendants intervening to prevent or stop the attack.

24. The unprovoked attack and beating of deceased **RANDOLPH CONNOR**, was stopped by a fellow inmate.

25. Once the attack and beating of deceased **RANDOLPH CONNOR** had ceased, the victim laid dying on the floor of the Card Room of Fox Unit at the Ojibway Correctional Facility for several minutes before another inmate reported to Defendant, **OSTERMAN** and **DUNBAR** that an inmate needed help in the Card Room of Fox Unit.

26. Video surveillance captured the entire attack and beating of the deceased **RANDOLPH CONNOR**, the attempt to save deceased **RANDOLPH CONNOR**, by fellow inmates and deceased, **RANDOLPH CONNOR**, laying on the floor, dying, for several minutes.

27. During all times relevant to the attack and beating of deceased **RANDOLPH CONNOR**, no correctional officer, guard or agent of the Michigan Department of Corrections was supervising the Card Room of Fox Unit within the Ojibway Correctional Facility to maintain proper order or ensure the safety of inmates.

28. The deceased, **RANDOLPH CONNOR**, died as a result of massive head trauma, suffered during the attack and beating.

## COUNT I

### VIOLATION OF 42 U.S.C. §1983 AND THE 8TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION

29. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 28 above, as though fully set forth herein.

30. As a citizen of the United States and a resident of the Ojibway Correctional Facility located in the State of Michigan, Decedent was entitled to all rights, privileges and immunities accorded to all incarcerated citizens of the State of Michigan and of the United States.

31. At all times relevant, all Defendants were acting within the course and scope of their employment with the State of Michigan and the Department of Corrections and/or Ojibway Correctional Facility and were acting under color of state law with the authority granted to them as corrections officers and/or managers and/or shift supervisors.

32. At all times relevant, pursuant to the 8th and 14th Amendments of the United States Constitution, Decedent had a right to be free from cruel and unusual punishment and receive proper and adequate care while incarcerated and under the custody and control of the State of Michigan at the Ojibway Correctional Facility and under the supervision and control of the Defendants.

33. At all times relevant, Decedent had a right to adequate and sufficient treatment such that his life would be preserved and he at all times would be free from needless unjustified and preventable pain, suffering or the deterioration of his well-being.

34. At all times relevant, Defendants conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the Decedent by failing to adequately secure areas of the prison to prevent brutal attacks.

35. At all times relevant, Defendants conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury would result to the Decedent by failing to adequately secure areas of the prison to stop any brutal attack that might occur.

36. At all times relevant, Defendants were actually and/or constructively aware that illegal gambling was occurring at the Ojibway Correctional Facility.

37. At all times relevant, Defendants were actually and/or constructively aware that illegal gambling by inmates at the Ojibway Correctional Facility resulting in increased violence among the inmates.

38. At all times relevant, Defendants took inadequate measures to prevent illegal gambling at the Ojibway Correctional Facility.

39. The actions of the Defendants violated a clearly established constitutional right of which they were aware or should have been aware.

40. The actions of the Defendants created a substantial amount of risk of harm to the health and safety of the deceased, **RANDOLPH CONNOR**.

41. The actions and/or omissions of the various Defendants constitute a deliberate indifference to the serious security lapses and illegal conduct occurring at the Ojibway Correctional Facility and demonstrate a reckless, willful and/or wanton disregard for the safety of the Decedent thereby denying him the constitutional right to be free from cruel and unusual punishment as provided by the 8th Amendment to the United States Constitution.

42. As a direct and proximate result of the actions and/or omissions of the Defendants, Plaintiff's Decedent suffered great physical pain, discomfort and suffering.

43. As a direct and proximate result of the actions and/or omissions of the Defendants, Plaintiff's Decedent died from the brutal attack that occurred in an improperly secured or monitored area of the Ojibway Correctional Facility.

44. As a direct and proximate result of the actions and/or omissions of the Defendants, Plaintiff has sustained and is entitled to compensation for conscious pain and suffering of the deceased, funeral, burial and economic costs and/or damages, loss of support, loss of gifts and gratuities and loss of love, society and companionship.

45. By the aforementioned actions and/or omissions, Defendants have deprived Plaintiff's Decedent of the rights secured by the 8th Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

**WHEREFORE**, the Plaintiffs, **GWEYN WEDLAW** and **LURLEAN MARTIN**, as Co-Personal Representatives of the Estate of **RANDOLPH CONNOR**, Deceased, requests the following relief:

1st. Compensatory non-economic and economic damages in excess of $75,000.00, including but not limited to all damages recoverable under the United States Constitution and/or 42 U.S.C. § 1983 and/or the laws of the State of Michigan including but not limited to the Michigan Wrongful Death Act;

2nd. Punitive damages;

3rd. Reasonable attorney fees, costs and interest; and

4th. Such other and further relief as appears reasonable and just under the circumstances of this case.

## COUNT II

## DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE

46. Plaintiff hereby restates and re-alleges the allegations contained in Paragraphs 1 through 45 above, as though fully set forth herein.

47. At all times relevant, as a result of the Michigan Constitution and/or Michigan statutes and/or Michigan common law and/or the special relationship that existed between the Decedent and the Defendants, Defendants had a duty to provide adequate treatment to the Decedent and to act with proper care for the safety of Decedent.

48. Defendants breached their duty and more, acted with recklessness, willful and wantonness and with deliberate indifference as to whether harm would result to the Decedent by allowing illegal gambling to occur at the Ojibway Correctional Facility and not properly securing or monitoring the Card Room of Fox Unit.

49.     In addition to the aforementioned actions and/or omissions, the various Defendants acted
        in an extreme and outrageous manner with reckless disregard as to whether injury would
        result by failing to secure the Card Room of Fox Unit or to take measures to prevent
        illegal gambling and the heightened violence that resulted from this improper conduct.

50.     The acts and/or omissions and/or conduct of Defendants as alleged in the above-stated
        cause of action constitute deliberate indifference and gross negligence under the laws of
        the State of Michigan, and this Court has pendant (supplemental) jurisdiction to hear and
        adjudicate said claims.

51.     As a direct and proximate result of the deliberate indifference and gross negligence of the
        Defendants, Plaintiffs Decedent and Plaintiff has suffered conscious pain and suffering,
        economic damages (past, present and future), loss of support, and loss of love, society
        and companionship.

        **WHEREFORE**, the Plaintiffs, **GWEYN WEDLAW** and **LURLEAN MARTIN**, as
        Co-Personal Representatives of the Estate of **RANDOLPH CONNOR**, Deceased,
        requests the following relief:

1st.    Compensatory non-economic and economic damages in excess of $75,000.00, including
        but not limited to all damages recoverable under the United States Constitution and/or 42
        U.S.C. § 1983 and/or the laws of the State of Michigan including but not limited to the
        Michigan Wrongful Death Act;

2nd.    Punitive damages;

3rd.    Reasonable attorney fees, costs and interest; and

4th.    Such other and further relief as appears reasonable and just under the circumstances of
        this case.

## JURY DEMAND

NOW COMES the Plaintiffs, **GWEYN WEDLAW** and **LURLEAN MARTIN**, as Co-

Personal Representatives of the Estate of **RANDOLPH CONNOR**, Deceased, and hereby

demand a trial by jury.

Respectfully submitted by:

Dated: January 30 , 2014

Doris Marie Day-Winters (P56828)
Day-Winters, PLLC
306 E. Broadway St., Ste 4
Mt. Pleasant, MI 48858
(989) 779-9991