UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GWEYN WEDLAW and LURLEAN MARTIN,
Personal Representatives of the Estate of
RANDOLPH CONNOR, Deceased,

        Plaintiffs,                      Case No. 2:14-cv-040

v.                                          HON. R. ALLAN EDGAR

LINDA TRIBLEY, SCOTT MICHELLI,
D. POMBIER, M. ROZINE, WILLIAM
OSTERMAN, DUANCE DUNBAR,

        Defendants.
_____/

**<u>OPINION & ORDER</u>**

        Defendants, employees of the Michigan Department of Corrections (MDOC), bring this "Motion to Dismiss, Or in the Alternative, For Summary Judgment," asking this Court to dismiss the complaint for failure to state a claim or summary judgment under Federal Rules of Civil Procedure 12(b)(6) or 56(a). Plaintiffs brought an Eighth Amendment claim alleging that the Defendants failed to protect the deceased, Randolph Connor, when he was brutally attacked by two prison inmates. Connor died as a result of injuries sustained during the attack. Defendants argue that the Complaint fails to properly allege that Defendants knew of and disregarded a substantial risk of harm to Connor. For the reasons stated below, this Court will grant Defendants' Motion to Dismiss for failure to state a claim.

        In deciding a Rule 12(b)(6) motion for failure to state a claim, the pleadings must be construed in the light most favorable to the plaintiff, accepted as true, and the court must draw all reasonable inferences in the plaintiffs favor. *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). To survive a Rule 12(b)(6) motion "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiffs argue that because the Defendants included materials outside the pleadings in the motion to dismiss, e.g., video and affidavits, that the motion is automatically converted to a motion for summary judgment and that they should be granted time to conduct discovery in order to answer the motion for summary judgment. Fed. R. Civ. Pro. 12(b)(6). However, if the outside matters are "excluded by the court" the motion need not be converted to a motion for summary judgment. *Id.* "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430. In granting this motion to dismiss, this Court looked only at the pleadings; therefore, the motion to dismiss is not converted to a motion for summary judgment.

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obligated "to take reasonable measures to guarantee the safety of the intimated" in their care. *Hudson v. Palmer*, 468 U.S. 517, 565–27 (1984). In order to establish an Eighth Amendment claim for a prison official's failure to protect, it must be demonstrated that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004).

To demonstrate deliberate indifference, an inmate must present evidence from which a trier of fact could conclude "that the official was subjectively aware of the risk" and "disregard [ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 829, 847. "Deliberate indifference" includes a subjective and objective component. *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The objective component requires that the deprivation alleged be "sufficiently serious." *Farmer,* 511 U.S. at 834. Thus, "for a claim . . . based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*

To satisfy the subjective component, plaintiffs must show that the prison officials had "a sufficiently culpable state of mind." *Id.* (citation omitted). A "sufficiently culpable state of mind" is one in which "the official *knows of and disregards* an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837 (emphasis added). A prison official can be liable if he "disregards that risk by failing to take reasonable measures to abate it." *Id.* at 848.

In the Complaint, Plaintiffs make conclusory allegations about the actual or constructive knowledge of a risk to general inmate health and safety. For example, the Complaint states that "[a]ll Defendants herein, at all times, relevant had actual and/or constructive notice that inmates are more aggressive and easily agitated on a 'store day' with other inmates that allegedly owe them money." Complaint, ¶ 20. Even if this is true, it is not alleged that Connor owed any inmates money, increasing the likelihood of aggressive behavior toward Connor. More importantly, the Complaint does not state that Defendants were aware of any participation in these activities or an increased harm to Connor. In addition, Plaintiffs allege that all Defendants knew that "inmates are aggressive and easily agitated on 'store day' and failed to properly secure the [room where Connor was attacked]." Complaint, ¶ 22. They allege that "no correctional officer, guard or agent of the Michigan Department of Corrections was supervising the [room where Connor was attacked] . . . to maintain proper order or ensure the safety of inmates. Complaint, ¶ 27. The argument is that Defendants failed to properly secure the room based on an increased aggression from inmates and gambling activity on "store day."

Plaintiffs' response to the Motion to Dismiss does not address this issue except to state that "correctional officers, guards and/or agents of the MDOC knew that an attack on Connor would occur, and that no correctional officer, guard or agent of MDOC was properly supervising the Card Room of Fox Unit to maintain safety on the day Connor was attacked." (Docket #48 at 6) Other than this conclusory statement in the Plaintiffs' response, that MDOC knew that an attack on Connor would occur, the allegations are general and do not suggest that any of the Defendants knew anything about an attack on Connor or that they failed to take reasonable steps to prevent it.

The allegations do not suggest that the Defendants knew of and disregarded an excessive risk of harm to Connor. At most, they suggest that there is an increased risk of "aggression" on

3

"store day." This is not the type of allegation that satisfies the subjective component of this claim. It is not enough to state that MDOC policy or procedure is not adequate and that Defendants negligently supervised this room.

For the reasons stated above, this Court **GRANTS** Defendants' Motion to Dismiss the § 1983 claim for failure to state a claim (Docket #10). Therefore, Plaintiff's pendant state claims are also **DISMISSED** without prejudice. Plaintiffs' case will be dismissed and a judgment consistent with this order will be entered.

**SO ORDERED**.

Dated:    3/9/2015                                  */s/ R. Allan Edgar*
                                                    R. Allan Edgar
                                                    United States District Court Judge